## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ) | |
| **DUDLEY CHARLES PRIMEAUX,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Civil Action No. 21-480 (FYP)** |
| ) | |
| **U.S. DEPARTMENT OF HOMELAND** ) | |
| **SECURITY,** *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## <u>MEMORANDUM OPINION</u>

In January 2016, Plaintiff Dudley Charles Primeaux filed an I-129 form to initiate the

process of obtaining a K-1 visa for his fiancée, Carmina Jane Avorque.  The visa would allow

Avorque, a resident of the Philippines, to enter the United States and marry Primeaux.  The visa

application process, however, has been stalled for almost a year, prompting Primeaux to file this

lawsuit to obtain Avorque's visa.  He alleges that the delayed processing of his visa petition

constitutes a violation of the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*, and the

Constitution's Due Process Clause; and seeks a writ of mandamus compelling Defendants to

process the visa.  Defendants now move to dismiss for failure to state a claim under Federal Rule

of Civil Procedure 12(b)(6).  The Court concludes that Primeaux is not entitled to the relief he

seeks and will therefore grant Defendant's Motion as to Primeaux's APA claim.

## BACKGROUND

Primeaux has followed all required steps to obtain a K-1 visa for Avorque.  The K-1 visa

1

is a nonimmigrant visa that allows a foreign citizen to travel to America to marry his or her U.S.-citizen fiancé(e), and then apply for lawful-permanent-resident status.  *See* ECF No. 6 at 3 (Plaintiff's Opposition).  To obtain a visa, a citizen fiancé must first file an I-129F petition, which Primeaux did on January 16, 2016.  *See* ECF No. 1 (Complaint), ¶ 17.  On March 30, 2020, the U.S. Citizenship and Immigration Service ("USCIS") approved his petition and forwarded it to the State Department's National Visa Center ("NVC") for further processing. *See* Compl., ¶¶ 19–20.

At this point in the process, the NVC should forward the case to the U.S. Consulate in Manila, where Avorque would then be interviewed for a K-1 visa.  *See* ECF No. 4 at 1–2 (Defendants' Motion to Dismiss); Pl. Opp. at 3.  Only after a State Department consular officer conducts her interview and determines that she qualifies for the K-1 visa may Avorque enter the United States to marry Primeaux.  *Id.*  Due to the COVID-19 pandemic, however, the ability of many consulates to schedule interviews "has been substantially impaired."  *See* Def. Mot. at 2. In March 2020, the State Department suspended visa services around the world.  *Id.* at 2–3. Although the agency has resumed some activities, the U.S. Consulate in Manila is not currently processing K-1 visas except in critical cases.  *Id.* at 3.  As a result, Avorque's interview has not been scheduled and the agency has not issued a decision on Primeaux's petition.  Compl., ¶ 21.

After repeated attempts to spur the Consulate to act, Plaintiff filed this suit in February 2021, almost a year after USCIS approved his application.  *Id.*, ¶ 19.  He named as Defendants multiple U.S. agencies — namely, USCIS, the Department of Homeland Security, the Department of State, and the U.S. Consulate in Manila — and the heads of those agencies. *See* Compl., ¶¶ 3–10.  Primeaux alleges that Defendants' delay in issuing a visa decision violates

the APA and the Due Process Clause. *Id.*, ¶¶ 23–35.  As relief, Plaintiff requests that this Court:
(1) issue a writ of mandamus compelling Defendants to conduct Avorque's interview, and (2)
take jurisdiction and adjudicate the petition pursuant to the Court's declaratory-judgment
authority. *Id.* at 7–8.  Defendants now move to dismiss Primeaux's APA claim.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim upon
which relief can be granted." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 552 (2007).
Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6)
motion, *id.* at 555, "a complaint must contain sufficient factual matter, accepted as true, to 'state
a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
(quoting *Twombly*, 550 U.S. at 570).

When considering a motion to dismiss, a court must construe a complaint liberally in the
plaintiff's favor, "treat[ing] the complaint's factual allegations as true" and granting the plaintiff
"the benefit of all inferences that can be derived from the facts alleged." *Sparrow v. United Air
Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal citations and quotation marks
omitted); *see also Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).
Although a plaintiff may survive a Rule 12(b)(6) motion even if "'recovery is very remote and
unlikely,'" the facts alleged in the complaint "must be enough to raise a right to relief above the
speculative level." *Twombly*, 550 U.S. at 555–56 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236
(1974)).

## ANALYSIS

In moving to dismiss, Defendants maintain that Plaintiff has failed to state a cognizable

claim under the APA.  *See* Def. Mot. at 6.  Primeaux alleges that Defendants' delay in processing

his fiancée's visa violates the APA's requirement that agencies "conclude" matters presented to

them "within a reasonable time."  *See* 5 U.S.C. § 555(b); *see also* Compl., ¶ 24.  When an agency

fails to comply with this requirement, the APA authorizes courts to "compel agency action

unlawfully withheld or unreasonably delayed."  *See* 5 U.S.C. § 706(1); *Bagherian v. Pompeo*,

442 F. Supp. 3d 87, 93 (D.D.C. 2020).

   To determine whether a delay is unreasonable, the Court weighs the six factors

established by the D.C. Circuit in *Telecommunications Research & Action Center v. FCC*

*(TRAC)*, 750 F.2d 70, 80 (D.C. Cir. 1984):

> (1) the time agencies take to make decisions must be governed by a
> rule of reason;
> (2) where Congress has provided a timetable or other indication of
> the speed with which it expects the agency to proceed in the
> enabling statute, that statutory scheme may supply content for this
> rule of reason;
> (3) delays that might be reasonable in the sphere of economic
> regulation are less tolerable when human health and welfare are at
> stake;
> (4) the court should consider the effect of expediting delayed
> action on agency activities of a higher or competing priority;
> (5) the court should also take into account the nature and extent of
> the interests prejudiced by delay; and
> (6) the court need not find any impropriety lurking behind agency
> lassitude in order to hold that agency action is unreasonably
> delayed.

*Milligan v. Pompeo*, 502 F. Supp. 3d 302, 317 (D.D.C. 2020) (quoting *TRAC*, 750 F.2d at 80);

*see also Sarlak v. Pompeo*, No. 20-cv-35, 2020 WL 3082018, at *5 (D.D.C. June 10, 2020)

(applying *TRAC* factors at motion-to-dismiss stage and collecting cases).  These factors "are not

'ironclad,' but rather are intended to provide 'useful guidance in assessing claims of agency

delay.'"  *In re Core Communications, Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008) (quoting *TRAC*,

750 F.2d at 80).

In this case, the first two factors favor Defendants.  Courts typically consider these factors together, asking whether Congress set a timeline for completion of the action and whether the agency's actions are governed by a rule of reason.  *Schwartz v. U. S. Dep't of Homeland Sec.*, No. 21-cv-378, 2021 WL 4133618, at *3 (D.D.C. Sept. 10, 2021).  Congress has not set statutory deadlines for adjudicating K-1 visas, and the State Department therefore has wide discretion in processing such visas.  *Milligan*, 502 F. Supp. 3d at 318.  "Absent a congressionally supplied yardstick, courts typically turn to case law as a guide."  *Sarlak*, 2020 WL 3082018, at *6.  While there is no bright-line rule, "[d]istrict courts have generally found that immigration delays in excess of five, six, seven years are unreasonable, while those between three to five years are often not unreasonable."  *Id.* (citation omitted) (collecting cases).  Indeed, many courts have "declined to find a two-year period to be unreasonable as a matter of law."  *Ghadami v. U.S. Dep't of Homeland Sec.*, No. 19-397, 2020 WL 1308376, at *8 (D.D.C. Mar. 19, 2020) (collecting cases).

Here, the relevant period of delay is approximately eleven months.  Although Plaintiff filed his initial visa petition in January 2016, *see* Compl., ¶ 17, he does not challenge the initial steps that Defendants took to process the visa.  Rather, Primeaux seeks to compel the State Department only to conduct the final interview of Avorque, and any delay should be measured from the time the interview could have been scheduled, *i.e.*, when USCIS approved Primeaux's petition and forwarded it to the NVC on March 30, 2020.  *See* Compl., ¶ 19–20; Def. Mot. at 1–2.  Thus, the delay between the Government's last action and the filing of this suit was

5

approximately eleven months.[1]

Although Plaintiff is understandably frustrated by the delay, the eleven-month period that he and his fiancée have waited is not "so egregious as to warrant mandamus." *Core Communications*, 531 F.3d at 855 (quoting *TRAC*, 750 F.2d at 79). Plaintiff's argument to the contrary is unavailing. Primeaux relies on out-of-circuit cases finding some two- or four- year delays unreasonable. *See* Pl. Opp. at 8. But the eleven-month delay in scheduling Avorque's interview is far shorter. Moreover, Plaintiff relies on cases that predate the COVID-19 pandemic, which has "substantially impaired" the ability of many embassies and consulates to schedule interviews. *See* Def. Mot. at 2. Given that courts have found delays longer than eleven months presumptively reasonable under normal circumstances, Plaintiff's argument regarding his eleven-month delay in the midst of a global pandemic falls short.

The third and fifth factors identified in *TRAC* weigh in favor of Plaintiff. These factors "overlap," considering the effects of delay on both "human health and welfare" and "the interests prejudiced by delay." *TRAC*, 750 F.2d at 80. The delay in adjudicating Avorque's visa has caused Plaintiff to be separated from his fiancée for several years, "tak[ing] an extreme toll on [his] mental and emotional wellbeing." *See* ECF No. 6-1 at ¶ 22 (Affidavit of Dudley Charles Primeaux, III); *Didban v. Pompeo*, 435 F. Supp. 3d 168, 177 (D.D.C. 2020) (finding "prolonged and indefinite separation" an "undeniably significant" interest). Plaintiff reports that he has been "diagnosed with depression disorder" and also "suffer[s] from stress and anxiety" as a result of the separation. *See* Primeaux Affidavit at ¶¶ 22–24. It is beyond debate that Plaintiff has

---

[1] The Court acknowledges that more time has passed since Plaintiff filed this case. Primeaux has now waited approximately 19 months for the State Department to schedule Avorque's interview. But even a 19-month delay does not constitute an unreasonable delay under the applicable case law. *Ghadami*, 2020 WL 1308376, at *8 (collecting cases where courts have declined to find a two-year period unreasonable).

endured significant hardship.  *See Milligan*, 502 F. Supp. 3d at 319; *Schwartz*, 2021 WL 4133618, at *3.

An assessment of the impact of expediting the delayed action on other agency priorities, however, tips the scales strongly toward Defendants.  The fourth *TRAC* factor carries great weight.  The D.C. Circuit has found intervention unwarranted where "a judicial order putting [the petitioner] at the head of the queue [would] simply move[] all others back one space and produce[] no net gain" — even when all the other *TRAC* factors would support granting relief. *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003) (quoting *In re Barr Labs., Inc.*, 930 F.2d 72, 75 (D.C. Cir. 1991)).  Judicial intervention would create just that scenario here.  Although Primeaux contends that he should not be penalized for delays caused by the pandemic, the relief he requests "would simply 'reorder' a queue of applicants seeking adjudication," *Tate v. Pompeo*, 513 F. Supp. 3d 132, 149 (D.D.C. 2021), during a time when "competing priorities for limited resources" are all the more urgent. *Mashpee Wampanoag Tribal Council*, 336 F.3d at 1101.  Indeed, other applicants in the queue undoubtedly also face personal hardships due to the State Department's delays, and there is no net gain in prioritizing Plaintiff at their expense.  Accordingly, the fourth *TRAC* factor heavily favors Defendants.

Finally, the last *TRAC* factor favors neither party.  Plaintiff does not allege any impropriety in the government's actions beyond the delay itself, and the D.C. Circuit has instructed that a "court need not find any impropriety" to hold that a delay has been unreasonable.  *TRAC*, 750 F.2d at 80.  Plaintiff's lack of such allegations "does not count against [him] here."  *Ghadami*, 2020 WL 1308376, at *9.

7

Considering all six *TRAC* factors together, the Court concludes that Plaintiff has not stated a claim of unreasonable delay under the APA.  The Court recognizes the ordeal that Primeaux has faced in being separated from his fiancée, but under the circumstances, Defendants' interest in balancing agency priorities outweighs Primeaux's interest in receiving an immediate resolution of his fiancée's visa petition.  *See Bagherian*, 442 F. Supp. 3d at 96.  Even treating all of Plaintiff's allegations as true and drawing all inferences in his favor, a delay of eleven months in scheduling Avorque's visa interview is not unreasonable under the circumstances.  Plaintiff's APA claim therefore must be dismissed.

Defendants appear to request dismissal of the case in its entirety, but do not address Plaintiff's Due Process claim in their Motion.  Accordingly, the Court will set a status hearing to discuss how the parties wish to proceed on the Due Process claim.

## CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss as to the APA claim and will set a hearing on the remaining Due Process claim.  A separate Order will issue this day.

_____
Florence Y. Pan
United States District Judge

Date:   October 22, 2021

8